TEXAS CENT. R. CO. v. MALLARD.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 18, 1913.)

APPEAL AND ERROR (§ 1064*)—RAILROADS (§ 405*)—INJURIES TO ANIMALS—DEGREE OF CARE.

In an action for killing stock, a charge that a railroad must use greater care in a city than other places, and more in some parts of the city than others, conflicts with the true rule that the care must be exercised which an ordinarily prudent person in like business would use under like circumstances, which applies to all places, and the giving of the charge was reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064;* Railroads, Cent. Dig. §§ 1393–1398; Dec. Dig. § 405.*]

Error to Jones County Court; Joe C. Randel, Judge.

Action by R. B. Mallard against the Texas Central Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

See, also, 127 S. W. 1117.

Jno. W. Woods, of Rotan, and Theodore Mack, of Ft. · Worth, for plaintiff in error. Brooks & Brooks, of Anson, for defendant in error.

SPEER, J. This is an action by R. B. Mallard against the Texas Central Railroad Company to recover damages for certain stock killed by the railroad company in the town of Hamlin in Jones county. There was a jury trial resulting in a verdict and judgment for the plaintiff, and the defendant has sued out a writ of error seeking to revise such judgment.

Upon the trial in the county court the following charge was given: "A railroad company running and operating its trains on the streets or in the incorporated limits of a city must use greater care and diligence to prevent injuries to persons and property than is required of them in running and operating their trains at less frequented and populous localities; and so in certain localities in the town greater precaution may be necessary than in others." In the paragraph preceding this the trial court had properly instructed the jury that the defendant was under the duty of exercising that degree of care and prudence which an ordinarily careful and prudent person engaged in like business would have exercised under like circumstances. The latter instruction is in direct conflict with the former, which correctly announces the rule of care applicable in such a case. It is not true that greater care and diligence must be exercised along streets or within the limits of incorporated cities than at other places. The same degree of care is required at all times and all places; that is, ordinary ·care. It may be and is true that the exercise of this degree of care will cause one to act differently under different circumstances according to the exigencies of the situation and this is doubtless what the trial judge had in mind when he prepared the charge. We cannot say that the error of imposing too great a burden on the defendant in this respect probably did not induce an improper judgment. The charge in other respects is not subject to the criticisms made, and other assignments presenting these criticisms are overruled.

For the error indicated, the judgment is reversed, and the cause remanded.